IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONTEGO SPA DESIGNS, INC., <br> *Plaintiff,* <br> v. <br> MALIBU NAIL LOUNGE, an entity of unknown type, and DOES 1-10 <br> *Defendants* | Civil Action No. 4:24-cv-522 <br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF CONTEGO SPA DESIGNS, INC.'S ORIGINAL COMPLAINT**

Plaintiff Contego Spa Designs, Inc. (hereafter "Plaintiff"), for its Complaint against Defendant Malibu Nail Lounge, an entity of unknown type doing business as "Malibu Nail Lounge" (hereafter "Malibu"), and Does 1-10, individuals and/or entities of unknown types alleges as set forth herein.

**JURISDICTION AND VENUE**

1. This action arises under the United States patent laws (Title 35 of the United States Code) for the infringement of United States Patent No. 9,289,353 (hereafter "the '353 Patent"). This Court has original jurisdiction over all Causes of Action herein pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The Court has Personal Jurisdiction over each Defendant because each Defendant has directly or through intermediaries, conducted business in this State and District, as further alleged herein and in association with alleged infringing activity, and, otherwise, purposefully

availed itself of the benefits of doing business and maintaining minimum contacts with this District.

3. Venue is proper in this District with respect to Malibu, pursuant to 28 U.S.C. § 1400(b), because Malibu resides in this District.

4. Venue is also proper in this District with respect to Malibu pursuant to 35 U.S.C. § 1400(b), because Malibu has committed acts of patent infringement in this District and has a regular and established place of business in this District.

5. Venue is proper in this District with respect to Doe 1 pursuant to 28 U.S.C. § 1400(b), because upon information and belief Doe 1 resides in this District.

6. Venue is also proper in this District with respect to Doe 1 pursuant to 28 U.S.C. § 1400(b), because upon information and belief Doe 1 has committed acts of patent infringement in this District and has a regular and established place of business in this District.

7. Venue is proper in this District with respect to each Defendant that is not a domestic corporation pursuant to 28 U.S.C. § 1391(b), because upon information and belief at least one Defendant resides in this District and all Defendants are residents of this State.

8. Venue is also proper in this District with respect to each Defendant that is not a domestic corporation pursuant to 28 U.S.C. § 1391(b), because upon information and belief a substantial part of the events giving rise to the causes of action against each such Defendant occurred in this District.

## PARTIES

9. Plaintiff is a California corporation with a regular and established place of business at 12856 Brookhurst Street, Garden Grove, California 92840.

10. Plaintiff is in the business of designing, manufacturing, importing, and selling salon spa chairs and related furniture, equipment, accessories, parts, and supplies, and has been for approximately ten years.

11. Malibu is an entity of unknown type. Upon information and belief, Malibu is a sole proprietorship owned by Doe 1, and doing business as "Malibu Nail Lounge" with a regular and established place of business in this District at 1135 Grand Central Parkway, Suite 100, Conroe, Texas 77304.

12. Upon information and belief, Doe 1 resides in this District, and owns and operates the entity doing business as "Malibu Nail Lounge" having a regular and established place of business in this District at 1135 Grand Central Parkway, Suite 100, Conroe, Texas 77304.

13. Upon information and belief, Does 2-10 reside in this District, and own, operate, manage and/or perform services for the entity doing business as "Malibu Nail Lounge" having a regular and established place of business in this District at 1135 Grand Central Parkway, Suite 100, Conroe, Texas 77304.

14. The true identities of Does 1-10 are currently unknown.

**GENERAL ALLEGATIONS**

15. Upon information and belief, Malibu, Doe 1, and the remaining Doe Defendants own and control the website content at https://malibunaillounge.com/ ("Malibu Website").

16. On March 22, 2016, the '353 Patent, titled "PEDICURE BASIN WITH OVERFLOW PROTECTION" was issued to Lan Van Ta, the sole named inventor.

17. Attached hereto as Exhibit 1 is a true and correct copy of the '353 Patent.

18. The '353 Patent is presumed valid pursuant to 35 U.S.C. § 282.

3

19. On November 21, 2019, Lan Van Ta executed an assignment to Plaintiff of the full and exclusive rights, title, and interest in and to the '353 Patent, including the right to sue for past royalties and past infringement (hereafter "Assignment").

20. The Assignment was recorded at the United States Patent and Trademark Office on November 29, 2019 at Reel/Frame 051138/0457.

21. Plaintiff is currently the owner of the full and exclusive rights, title, and interest in and to the '353 Patent, including the right to sue for past royalties and past infringement.

22. The '353 Patent describes generally a spa chair having an innovative pedicure basin. The spa chair includes a seat for a patient, a main basin in front of the seat for containing liquid and receiving a patient's feet, the main basin having a peripheral rim wherein the peripheral rim has a portion which is at a lowered height relative to the remainder of the rim so that liquid can overflow the lower height portion when the liquid reaches a depth greater than the lowered height portion. The spa chair also has a secondary basin configured to receive the liquid overflowing the lower height portion of the main basin, and a liner covering the surface of the main basin up to the peripheral rim.

23. The '353 Patent describes that such spa chairs are typically used for cosmetic procedures such as manicures and pedicures.

24. Plaintiff has marked all of its own products covered by the '353 Patent in accordance with 35 U.S.C. § 287.

25. Plaintiff has been and continues to be damaged by the acts of infringement of the '353 Patent alleged herein, in an amount to be proven at trial.

26. Plaintiff has been and continues to be irreparably harmed by the acts of infringement of the '353 Patent alleged herein.

27. Upon information and belief, the acts of infringement of the '353 Patent alleged herein have been willful, because such infringement has been and is deliberate and intentional.

## FIRST CAUSE OF ACTION AGAINST MALIBU
### Direct Infringement of U.S. Patent No. 9,289,353

28. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

29. In violation of 35 U.S.C. § 271(a), Malibu has, without authority from Plaintiff, used in the United States within this District, and continues to use in the United States within this District, products (hereafter "Accused Products") that include each and every limitation of at least one claim of the '353 Patent.

30. The use and continued use of Accused Products by Malibu infringes at least Claims 1, 2, 3 and 6 of the '353 Patent (hereafter "Currently Asserted Claims").

31. The Accused Products include but are not limited to pedicure spas sold by T-Spa MFG., LLC (hereafter "T-Spa") and/or T-Spa Depot LLC (hereafter "T-Spa Depot") under the model name "KYEN," and brand name "T-Spa" (hereafter "KYEN Accused Product").

32. Attached hereto as Exhibit 2 is a copy of web pages from the website https://tspallc.com/ (hereafter "T-Spa Website") showing the KYEN Accused Product used, and being used, by Malibu. Attached hereto as Exhibit 3 is a close-up view of the main basin of a KYEN Accused Product taken as a still image from a video on the T-Spa Website. As shown in Exhibits 2 and 3, the KYEN Accused Product is a spa chair for use by a spa patient in a pedicure of the feet of the patient.

33. As show in Exhibits 2 and 3, the KYEN Accused Product includes: a seat arranged for receiving the patient in a seating position with the feet presented forwardly of the

seat; a main basing in front of the seat and arranged such that the feet of the patient sitting the seat are received in the main basin; the main basin having a peripheral rim for containing liquid in the main basin; the main basin has having a least a portion of the peripheral rim having a lowered height portion relative to the remainder of the peripheral rim which allows liquid to overflow the lowered height portion when the liquid reaches a depth greater than the lowered height portion. The remainder of the peripheral rim which is not lowered is a main portion of the peripheral rim.

34. Attached hereto as Exhibit 4 is a photograph of a portion of the KYEN Accused Product showing the secondary basin communicated with the main basin over at least a portion of the peripheral rim so as to collect overflow of liquid from the main basin that is directed through the lowered portion of the peripheral rim towards the secondary basin. The secondary basin has a drain hole for draining the overflow liquid.

35. Upon information and belief, Malibu purchased the Accused Products, including the KYEN Accused Products, from T-Spa and/or T-Spa Depot within this District.

36. As shown in Exhibits 5-8, Malibu inserts liners into the main basin of the KYEN Accused Products when using the KYEN Accused Products to provide pedicures and/or other nail salon services to its customers.

37. Exhibits 5-8 show that the KYEN Accused Products have been installed at Malibu's place of business and that Malibu has used, and continues to use, the KYEN Accused Products, including inserting disposable liners into the KYEN Accused Products (see, e.g., Exhibits 5-8), and providing pedicures and/or other nail salon services to its customers using the KYEN Accused Products. Exhibit 8 is a photograph showing Malibu employees and/or contractors using the KYEN Accused Products installed at Malibu to . Exhibit 8 shows the

KYEN Accused Products being used with a disposable liner inserted into the main basin of the spa chair.

## SECOND CAUSE OF ACTION AGAINST MALIBU
### Induced Patent Infringement of U.S. Patent No. 9,289,353

38. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

39. In violation of 35 U.S.C. § 271(b), Malibu, has, without authority from Plaintiff, actively induced others ("Direct Infringers") to infringe at least one claim of the '353 Patent.

40. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

41. Upon information and belief, Malibu's active inducement includes instructing its employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see Exhibit 8), knowing that Direct Infringers, including its employees and patrons, would use the KYEN Accused Products in an infringing manner.

42. Upon information and belief, Malibu's active inducement includes using, and making available for use, the KYEN Accused Products, knowing that Direct Infringers would use the spas and liners, and Direct Infringers have used the KYEN Accused Products in a manner which infringes at least the Currently Asserted Claims of the '353 Patent

43. Upon information and belief, Malibu actively encourages such infringement knowing that the acts induced constitute patent infringement.

## THIRD CAUSE OF ACTION AGAINST MALIBU
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

44. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

45. In violation of 35 U.S.C. § 271(c), Malibu has, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

46. Upon information and belief, Malibu uses, and makes available for use, in the United States, pedicure spas containing each limitation of the Currently Asserted Claims except for the "liner" (hereafter "Spas Without Liners"). This, in combination with the Direct Infringers inserting liners into the Spas Without Liners and using such combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

47. Malibu knows Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims.

48. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

49. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

50. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Malibu and Malibu's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent.

51. Direct Infringers have used the KYEN Accused Products. Malibu actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

8

### FOURTH CAUSE OF ACTION AGAINST DOE 1
**Direct Infringement of U.S. Patent No. 9,289,353**

52. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

53. Upon information and belief, Doe 1 is the owner and operator of Malibu.

54. Upon information and belief, Doe 1 has participated, and continues to participate, in the infringement of the '353 Patent by using, and continuing to use, Accused Products. Upon information and belief, Doe 1 uses, and continues to use, the Accused Products in providing pedicure services at the Malibu Nail Lounge.

55. In violation of 35 U.S.C. § 271(a), Doe 1 has, without authority from Plaintiff, used, and continues to use in the United States, within this District, products that include each and every limitation of at least one claim of the '353 Patent.

56. The use and continued use of Accused Products by Doe 1 infringes at least the Currently Asserted Claims of the '353 Patent.

### FIFTH CAUSE OF ACTION AGAINST DOE 1
**Induced Patent Infringement of U.S. Patent No. 9,289,353**

57. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

58. In violation of 35 U.S.C. § 271(b), Doe 1 has, without authority from Plaintiff, actively induced others ("Direct Infringers") to infringe at least one claim of the '353 Patent.

59. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

60. Doe 1 has participated in, and continues to participate in, induced infringement of the '353 Patent. Upon information and belief, Doe 1's active inducement includes instructing

Malibu's employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see Exhibits 5-8), knowing that Direct Infringers, including Malibu's employees and patrons, would use the KYEN Accused Products .

61. Upon information and belief, Doe 1's active inducement includes using, and making available for use, the KYEN Accused Products, knowing that Direct Infringers would use the spas and liners, and Direct Infringers have used the KYEN Accused Products .

62. Doe 1 actively encouraged such infringement knowing that the acts induced constituted patent infringement.

### SIXTH CAUSE OF ACTION AGAINST DOE 1
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

63. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

64. In violation of 35 U.S.C. § 271(c), Doe 1 has, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

65. Doe 1 has participated in, and continues to participate in, contributory infringement of the '353 patent.

66. Upon information and belief, Doe 1 uses, and makes available for use, in the United States, Spas Without Liners.

67. Doe 1 knows Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims.

68. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

69. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

70. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Malibu and Malibu's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent. This, in combination with the Direct Infringers inserting liners into the Spas Without Liners and using such combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

71. Direct Infringers have used the KYEN Accused Products. Doe 1 actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

### SEVENTH CAUSE OF ACTION AGAINST DOES 2-10
### Direct Infringement of U.S. Patent No. 9,289,353

66. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

67. Upon information and belief, Does 2-10 own, operate, manage and/or perform services for Malibu.

68. Upon information and belief, Does 2-10 have participated, and continue to participate, in the infringement of the '353 Patent by using, and continuing to use, Accused Products. Upon information and belief, Does 2-10 use, and continue to use, the Accused Products in providing pedicure services at the Malibu Nail Lounge.

69. In violation of 35 U.S.C. § 271(a), Does 2-10 have, without authority from Plaintiff, used, and continue to use in the United States, within this District, products that include each and every limitation of at least one claim of the '353 Patent.

72. The use and continued use of Accused Products by Does 2-10 infringes at least the Currently Asserted Claims of the '353 Patent.

## EIGHTH CAUSE OF ACTION AGAINST DOES 2-10
### Induced Patent Infringement of U.S. Patent No. 9,289,353

73. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

74. In violation of 35 U.S.C. § 271(b), Does 2-10 have, without authority from Plaintiff, actively induced others ("Direct Infringers") to infringe at least one claim of the '353 Patent.

75. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

76. Does 2-10 have\s participated in, and continues to participate in, induced infringement of the '353 Patent. Upon information and belief, Does 2-10's active inducement includes instructing Malibu's employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see Exhibits 5-8), knowing that Direct Infringers, including Malibu's employees and patrons, would use the KYEN Accused Products .

77. Upon information and belief, Does 2-10's active inducement includes using, and making available for use, the KYEN Accused Products, knowing that Direct Infringers would use the spas and liners, and Direct Infringers have used the KYEN Accused Products .

78. Does 2-10 actively encouraged such infringement knowing that the acts induced constituted patent infringement.

### NINTH CAUSE OF ACTION AGAINST DOES 2-10
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

79. Plaintiff incorporates each of the foregoing allegations, and the allegations which follow.

80. In violation of 35 U.S.C. § 271(c), Does 2-10 each have, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

81. Does 2-10 each have participated in, and continue to participate in, contributory infringement of the '353 patent.

82. Upon information and belief, Does 2-10 each use, and make available for use, in the United States, Spas Without Liners.

83. Does 2-10 each know Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims.

84. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

85. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

86. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Malibu and Malibu's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent. This, in combination with the Direct Infringers inserting liners into the Spas Without Liners and using such

combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

87.     Direct Infringers have used the KYEN Accused Products. Doe 1 actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

**********

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.      Pursuant to 35 U.S.C. § 283, the Court enjoin Defendants, their subsidiaries, divisions, agents, servants, and employees, and those persons in concert or active participation with any of them, from further acts of infringement of the '353 Patent.

B.      Pursuant to 35 U.S.C. § 284, Plaintiff be awarded damages, interest, and costs, including treble damages.

C.      Pursuant to 35 U.S.C. § 285, the case be declared exceptional, and Plaintiff be awarded reasonable attorney fees.

D.      Plaintiff be awarded pre-judgment and post-judgment interest according to law.

E.      Plaintiff be awarded such other relief as this Court deems appropriate.

**********

Dated: February 13, 2024

Respectfully Submitted,

/s/ Michael S. McCoy
Michael S. McCoy
Texas Bar No. 24013129
Southern District of Texas No. 24498

mmccoy@amatongmccoy.com
Alberto Q. Amatong, Jr.
Texas Bar No. 24012211
Southern District of Texas No. 24593
aamatong@amatongmccoy.com
**AMATONG MCCOY LLC**
801 Congress Ave., Suite 215
Houston, Texas 77002
Telephone:   713-263-3015
Facsimile:    866-676-7879

James K. Sakaguchi (Pro Hac Vice to be filed)
**VISTA IP LAW GROUP LLP**
100 Spectrum Center Dr., Ste. 900
Irvine, CA 92618
Telephone: 760-803-5967
Facsimile:  949-625-8955
jks@viplawgroup.com

Neal M. Cohen (Pro Hac Vice to be filed)
VISTA IP LAW GROUP LLP
100 Spectrum Center Dr., Ste. 900
Irvine, CA 92618
Telephone: 949-724-1849
Facsimile:  949-625-8955
nmc@viplawgroup.com

## JURY DEMAND

Pursuant to F.R.Civ.P. Rule 38(b), Plaintiff Contego Spa Designs, Inc., demands a jury trial on all issues triable to a jury.

Dated: February 13, 2024

Respectfully Submitted,

/s/ Michael S. McCoy
Michael S. McCoy
Texas Bar No. 24013129
Southern District of Texas No. 24498
mmccoy@amatongmccoy.com
Alberto Q. Amatong, Jr.
Texas Bar No. 24012211
Southern District of Texas No. 24593

aamatong@amatongmccoy.com
**AMATONG MCCOY LLC**
801 Congress Ave., Suite 215
Houston, Texas 77002
Telephone:   713-263-3015
Facsimile:     866-676-7879

James K. Sakaguchi (Pro Hac Vice to be filed)
VISTA IP LAW GROUP LLP
100 Spectrum Center Dr., Ste. 900
Irvine, CA 92618
Telephone: 760-803-5967
Facsimile:   949-625-8955
jks@viplawgroup.com

Neal M. Cohen (Pro Hac Vice to be filed)
VISTA IP LAW GROUP LLP
100 Spectrum Center Dr., Ste. 900
Irvine, CA 92618
Telephone: 949-724-1849
Facsimile:   949-625-8955
nmc@viplawgroup.com

ATTORNEYS FOR PLAINTIFF
**CONTEGO SPA DESIGNS, INC.**